## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN M. COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| CHEROKEE INSURANCE COMPANY, | ) |
| as subrogee of Freestates Trucking, LLC, | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| vs. | )  Case No. CIV-15-1014-M |
| | ) |
| DONALD WILLIAM REED, and | ) |
| SUNWEST MUD COMPANY, INC., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| DONALD WILLIAM REED, | ) |
| | ) |
| Counter-Plaintiff and Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STEVEN M. COLEMAN, | ) |
| | ) |
| Counter-Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| UNIVERSAL SPECIALIZED, INC., | ) |
| d/b/a ECONOMY TRANSPORT, INC., | ) |
| | ) |
| Third-Party Defendant. | ) |

## **ORDER**

Before the Court is plaintiff/counter-defendant Steven M. Coleman's ("Coleman") Motion to Quash Subpoena and for Protective Order, filed July 11, 2016. On August 1, 2016,

defendant/counter-plaintiff Donald William Reed ("Reed") filed his response, and on August 8, 2016, Coleman filed his reply. Based upon the parties' submissions, the Court makes its determination.

This case arises out of an accident that occurred on September 20, 2014, near Taloga, Oklahoma, involving tractor-trailers operated by Coleman and Reed. On June 9, 2016, Reed filed an Amended Notice of Subpoena Duces Tecum to AT&T ("Amended Subpoena"). Coleman objects to certain information and records sought through the Amended Subpoena and moves this Court, pursuant to Federal Rule of Civil Procedure 45, for an order either quashing or modifying the Amended Subpoena and requests the Court, pursuant to Federal Rule of Civil Procedure 26(c), to enter a protective order forbidding the discovery sought.

Specifically, Coleman objects to the items described in "Technical Records" and "Network Information," and item 3 in "Subscriber Information." The Technical Records that Reed seeks are (1) call detail records, including tower, cell sector, and location information; (2) call detail records, including non-billed call attempts; (3) call detail records for associated PTT service, if applicable; (4) short message service, including full text and CDR information; (5) MMS data, including CDR information; and (6) IP connection logs/mobile data usage. The Network Information that Reed seeks is (1) the table of base stations for the time period, including GPS position, orientation, and street address, and (2) "standard" cell tower orientation drawing and orientation for any non-standard towers. Finally, in item 3 of the Subscriber Information, Reed requests that if the phone is SIM card equipped that AT&T preserve all SIM files and handset data.

Coleman asserts that the Amended Subpoena is overbroad with respect to both the time frame at issue[1] and the scope of information sought and the information sought is irrelevant to this litigation. Coleman contends that the cell phone tower information that could be used to determine his whereabouts and movements and to potentially calculate his driving speeds is irrelevant as there are no allegations that suggest that his whereabouts prior to or after the incident have any relation to the question of liability or damages, there are no allegations and no evidence that raise any issues regarding the accuracy of Coleman's Driver's Daily Logs, and there has been no evidence to suggest that Coleman was speeding at the time of the incident. Coleman further contends that there would be easier ways to determine his speed at the time of the incident that would not subject him to the harassment of having his movements and whereabouts during a three day period tracked through cell phone tower pings. Further, regarding information as to whether Coleman was using his phone to access the internet, social media or something similar at the time of the accident, Coleman contends no evidence has been presented that even suggests that he was using his phone or was in any way distracted at the time of the incident and contends the Amended Subpoena is overbroad because it is not limited to the time immediately before the incident and potentially implicates information regarding specific websites visited and other details relating to Coleman's phone use well before and after the incident. Finally, Coleman contends that the request for his SIM files and handset data is overbroad and has no purpose other than to harass, embarrass and/or abuse him and that the information and data encompassed in the request is not relevant to the claims or defenses of the parties, including the issue of fault.

---

[1]The Amended Subpoena seeks records for the time period of September 19, 2014 through September 21, 2014.

Reed contends that the requested records are relevant to his claims and defenses and are clearly discoverable. Specifically, Reed asserts that the technical records and network information would be able to establish which cell phone tower was "pinged" when Coleman either called, texted, or used data, and if the cell phone tower changes during a call, this would signify that Coleman was likely driving at the time of the call. Additionally, Reed asserts that cell phone experts could use the pings to establish Coleman's speed of travel and to establish whether or not Coleman followed the route that he was obligated to follow pursuant to the oversized load permit issued to him. Reed further asserts that whether Coleman's Driver's Daily Logs are accurate and whether Coleman was speeding are both issues that are relevant to Reed's claims and defenses and go to the heart of whether Coleman was negligent. Reed also asserts that Coleman's use of internet or data while driving is relevant to his claims and defenses in that it would show that Coleman was distracted and, thus, negligent and that the production of the IP connection logs/mobile data usage is likely the only way to prove Coleman was using mobile data while driving. Finally, Reed asserts that any call detail records showing mobile data use would not differentiate what kind of data was used and should the IP connection logs demonstrate data usage, a preservation of the SIM files would be necessary to later differentiate whether the data usage was due to active use (such as use of social media) or passive use (such as automatic loading of new emails).

Federal Rule of Civil Procedure 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

> benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Having carefully reviewed the parties' submissions, the Court finds that while the Amended Subpoena seeks relevant information, the time period for which the information and records are sought is overbroad. Specifically, the Court finds that the information and documents sought could establish whether Coleman was using his phone, and in what ways Coleman was using his phone, i.e., calling, texting, using the internet, etc., and could establish his speed at the time of the incident. The Court finds that these issues are clearly relevant to Reed's claims and defenses. However, the Court finds the three day period for which the Amended Subpoena seeks these records and information is overbroad and should be limited to only the one hour time period immediately before and during the accident.

Accordingly, the Court GRANTS IN PART and DENIES IN PART Coleman's Motion to Quash Subpoena and for Protective Order [docket no. 63] and MODIFIES the time period of the Amended Subpoena to the one hour time period immediately before and during the accident.

**IT IS SO ORDERED this 22nd day of August, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE