# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN M. COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| CHEROKEE INSURANCE COMPANY, | ) |
| as subrogee of Freestates Trucking, LLC, | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-15-1014-M |
| | ) |
| DONALD WILLIAM REED, and | ) |
| SUNWEST MUD COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| AND | ) |
| | ) |
| DONALD WILLIAM REED, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STEVEN M. COLEMAN, | ) |
| | ) |
| Counter-Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| UNIVERSAL SPECIALIZED, INC., | ) |
| d/b/a ECONOMY TRANSPORT, INC., | ) |
| | ) |
| Third-Party Defendant. | ) |

**ORDER**

Before the Court is third-party defendant Universal Specialized, Inc.'s ("Universal") Motion to Compel Production of Documents and Interrogatory Responses of Defendant Sunwest Mud Company, Inc., filed January 4, 2017. On January 25, 2017, defendant Sunwest Mud Company, Inc. ("Sunwest") filed its response, and on February 1, 2017, Universal filed its reply. Based upon the parties' submissions, the Court makes its determination.

This case arises out of a motor vehicle accident that occurred on September 20, 2014, involving two tractor-trailers. At the time of the incident, defendant/counter-plaintiff/third-party plaintiff Donald Reed ("Reed") was acting in the course of his employment with Sunwest, and plaintiff/counter-defendant Steven Coleman was an independent contractor driving for Universal. Universal has requested Sunwest to provide documents and information relating to Sunwest's investigation of the subject accident and to produce Reed's personnel file. Sunwest has objected to providing said information and documents.

A.  Sunwest's Accident Investigation and Related Reports and Documents

Sunwest conducted an investigation into the subject incident and prepared an incident report two days after the accident. Sunwest asserts that its investigation and incident report are privileged pursuant to 49 U.S.C. § 504(f). Section 504(f) provides:

> No part of a report of an accident occurring in operations of a motor carrier, motor carrier of migrant workers, or motor private carrier and required by the Secretary, and no part of a report of an investigation of the accident made by the Secretary, may be admitted into evidence or used in a civil action for damages related to a matter mentioned in the report or investigation.

49 U.S.C. § 504(f).

The incident report and investigation at issue were not made by the Secretary. Further, Sunwest does not contend that the incident report was required by the Secretary; Sunwest merely

asserts that motor carriers must make all records and information pertaining to an accident available to a representative of the Federal Motor Carrier Safety Administration. The Court finds that a requirement that records and information be made available is not the same as a report being required by the Secretary. Accordingly, the Court finds that Sunwest has not demonstrated that the statutory privilege set forth in § 504(f) covers the investigation conducted by Sunwest or the incident report that Sunwest prepared. The Court, therefore, finds that Sunwest should be compelled to produce information and documents relating to Sunwest's investigation of the subject accident.

B.  Reed's Personnel File

> Universal seeks the production of the following:
>
>> True, correct, and complete copies of Reed's Driver Personnel File and any other files maintained by you relating to Reed, along with any documents contained therein, including:
>> (a) Owner/operator, employment, or other types of contracts, agreements, payroll or money advanced records, attendance records, computer generated documents and any other summary type document regardless of subject, description or form relative to Reed or the services performed by Reed;
>> (b) Records pertaining to all determinations as to whether this and any other accidents involving Reed were avoidable or preventable; and
>> (c) Hiring, suspension, termination, warning notices, complaints, letters, memorandums and any other similar type documents relative to Reed.

Request for Production No. 13, attached as Exhibit 5 to Universal's Motion to Compel Production of Documents and Interrogatory Responses of Defendant Sunwest Mud Company, Inc. at 6.

Universal asserts that Reed's disciplinary history, records of absences, records of injuries, records of accidents, and other information usually maintained in a personnel file are relevant in this litigation. Universal also asserts that Reed's personnel file likely includes documents related to the subject incident and determinations made by Sunwest relating to whether the incident was

3

preventable or whether Reed caused or contributed to the accident. Universal asserts that these records are relevant not only to the subject incident, but also to the question of whether Reed was a safe and qualified driver, and that Reed's attendance records and disciplinary records are also relevant to his lost wage claim. Sunwest contends that Universal's request for Reed's personnel file is overly broad and seeks discovery of information that is not relevant to any party's claim or defense. Having carefully reviewed the parties' submissions, the Court finds that Universal's request is not overly broad and seeks information that is relevant to multiple parties' claims and defenses. Accordingly, the Court finds that Sunwest should be compelled to produce Reed's personnel file.

C.   Conclusion

For the reasons set forth above, the Court GRANTS Universal's Motion to Compel Production of Documents and Interrogatory Responses of Defendant Sunwest Mud Company, Inc. [docket no. 67] and ORDERS Sunwest to produce to Universal documents and information relating to Sunwest's investigation of the subject accident and Reed's personnel file. Said documents and information shall be produced within twenty (20) days of the date of this Order.

**IT IS SO ORDERED this 12th day of April, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE