## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN M. COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| and | ) |
| | ) |
| CHEROKEE INSURANCE COMPANY, | ) |
| as subrogee of Freestates Trucking, LLC, | ) |
| | ) |
| Intervenor Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-15-1014-M |
| | ) |
| DONALD WILLIAM REED, and | ) |
| SUNWEST MUD COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| AND | ) |
| | ) |
| DONALD WILLIAM REED, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STEVEN M. COLEMAN, | ) |
| | ) |
| Counter-Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| UNIVERSAL SPECIALIZED, INC., | ) |
| d/b/a ECONOMY TRANSPORT, INC., | ) |
| | ) |
| Third-Party Defendant. | ) |

**ORDER**

Before the Court is defendants Donald William Reed ("Reed") and Sunwest Mud Company, Inc.'s ("Sunwest Mud") Motion for Partial Summary Judgment, filed November 1, 2017. On November 17, 2017, plaintiff Steven M. Coleman ("Coleman") filed his response. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

This action arises out of a tractor-trailer collision that occurred on September 20, 2014. Coleman was driving a tractor-trailer, hauling an oversized windmill tower midsection; Reed, on behalf of Sunwest Mud, was driving an unloaded tractor and flatbed trailer. Either Coleman or Reed crossed the center line, and the tractor-trailers collided. On September 17, 2015, Coleman filed the instant action. Reed and Sunwest Mud now move this Court for partial summary judgment.

II.   Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a

burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.     Discussion

Defendants move this Court for partial summary judgment as to Coleman's damages for Post-Traumatic Stress Disorder ("PTSD") and replacement cost value and as to Coleman's employment law claims against Sunwest Mud. In his response, Coleman states that he is withdrawing any property damage claims previously asserted. Accordingly, the Court finds defendants' motion for partial summary judgment as to the replacement cost value damages is now moot. In his response, Coleman also states that he never asserted any employment law claims against Sunwest Mud. Accordingly, the Court finds defendants' motion for partial summary judgment as to Coleman's employment law claims is moot.

Thus, the only remaining issue is whether defendants are entitled to summary judgment as to Coleman's damages for PTSD. The parties agree that under Oklahoma law, there must be a physical injury suffered before mental anguish injuries can be asserted. *See Ellington v. Coca Cola Bottling Co. of Tulsa, Inc.*, 717 P.2d 109 (Okla. 1986). Defendants assert that Coleman has admitted that he is not making a claim for personal injury and does not allege any "physical suffering" connected with the collision. Defendants further assert that Coleman's deposition testimony regarding a leg and hip injury from the collision should not be considered as it is contradicted by the discovery responses provided by Coleman. Coleman contends that simply

3

because he is not seeking compensation for his physical injuries does not mean that he did not suffer an injury from the collision. Coleman further states that he has timely supplemented his interrogatory responses to specifically state that he did suffer physical injuries from the collision.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Coleman and viewing all reasonable inferences in Coleman's favor, the Court finds that there is a disputed issue of material fact as to whether Coleman suffered a physical injury from the collision. In his deposition, Coleman specifically testifies that his leg and hip were injured in the collision. Accordingly, the Court finds that defendants are not entitled to summary judgment as to Coleman's damages for PTSD.

IV. Conclusion

For the reasons set forth above, the Court DENIES defendants' Motion for Partial Summary Judgment [docket no. 108].

**IT IS SO ORDERED this 1st day of December, 2017.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE